tional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: We agree with petitioner that habeas corpus was an appropriate proceeding to test whether petitioner had been denied his constitutional right to a prompt final parole revocation hearing (see *People ex rel. Menachino v Warden, Green Haven State Prison*, 27 NY2d 376, 379; *People ex rel. Warren v Mancusi*, 40 AD2d 279, 281). We find, however, no delay warranting petitioner's immediate release. In 1971 petitioner was sentenced to 0-12 years for manslaughter, second degree. He was paroled on June 10, 1976 and on December 23, 1976 petitioner was incarcerated for parole violation as of September 17, 1976. Probable cause to to revoke parole was found at a preliminary hearing on January 3, 1977. The Parole Board alleges that it was prepared to hold a final hearing on February 15, 1977 but on January 26 petitioner requested a postponement until counsel was assigned him. On March 7, 1977 the court appointed counsel but petitioner declined the assignment and employed present counsel who petitioned for a writ of habeas corpus on March 10, 1977. The delay after March 10 has been occasioned by the pendency of this proceeding. Inasmuch as the delay before January 26 was not unreasonable (see *Morrissey v Brewer*, 408 US 471, 488, holding a delay of two months not unreasonable) and the delay thereafter resulted from petitioner's request for postponement pending assignment of counsel and during the pendency of this proceeding, we find no denial of due process. (Appeal from judgment of Cayuga Supreme Court —article 78.) Present—Cardamone, J. P., Simons, Hancock, Denman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD E. PLUFF, Appellant.—Judgment, insofar as it imposes sentence, unanimously modified, as a matter of discretion, in the interest of justice, to an indeterminate sentence having a minimum of three years and a maximum of six years, and otherwise, judgment affirmed. Memorandum: Defendant was convicted of unlawfully selling .81 ounces of marijuana in violation of section 220.34 (subd 1, par [c]) of the Penal Law, a class C felony and sentenced as a second felony offender to an indeterminate sentence of imprisonment having a minimum term of four years and a maximum term of eight years. Prior to the trial he had withdrawn his earlier guilty plea to a reduced attempted possession charge, a class E felony, which the court had accepted with an indication that the minimum sentence allowable under section 70.06 of the Penal Law would be imposed (an indeterminate sentence having a minimum of one and one-half years and a maximum of three years). Under all the circumstances, the sentence should be reduced in the interest of justice to the minimum permitted for a class C felony conviction under section 70.06 of the Penal Law (an indeterminate sentence having a minimum of three years and a maximum of six years). (Appeal from judgment of Onondaga Supreme Court—criminal sale controlled substance, fifth degree.) Present—Cardamone, J. P., Simons, Hancock, Denman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD M. SULESKI, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant was convicted on October 12, 1976 of sexual abuse in the first degree, sodomy in the first degree and attempted rape in the first degree of a 13-year-old girl, "Y", on June 8, 1974, and of sexual abuse on July 17, 1974 of an 11-year-old girl, "K". On August 14, 1974 he was arrested in connection with an assault upon another girl in an area near where the other two crimes occurred. On the next morning the police